47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas SAMUEL, Jr., Defendant-Appellant.
 No. 94-5373.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1995.
Decided Feb. 21, 1995.
 
 Reuben S. Hill, Jr., Norfolk, VA, for appellant. Helen F. Fahey, U.S. Atty., Charles A. Meade, Sp. Asst. U.S. Atty., Norfolk, VA, for appellee.
 Before WIDENER, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas Samuel, Jr., seeks review of a district court judgment entered pursuant to a jury verdict finding him guilty of conspiracy to import cocaine in violation of 21 U.S.C.A. Sec. 952(a) (West 1981 & Supp.1994) & Sec. 963 (West Supp.1994) and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Appellant challenges the sufficiency of the evidence supporting his convictions.
 
 
 2
 * In November 1993, United States Customs Service Inspectors conducted a border search at the Mail Unit at San Juan International Airport. Examining an express mail air parcel from the U.S. Virgin Islands, the inspectors found ten bags weighing 180 grams of a creamy colored substance wrapped in socks. The socks were concealed in newspapers.
 
 
 3
 A field test was positive for cocaine. The parcel was addressed to Trent Davis, Merrimac Landing, 8607 Kearage Place, Norfolk, Virginia; the return address was Jermaine Hopkins, 146-157 Estate Tutu, St. Thomas, Virgin Islands. The parcel was sent on its way.
 
 
 4
 After the package arrived in Norfolk, customs agents substituted nine bags of flour for an equal number of bags of cocaine. One bag of cocaine remained in the parcel. The agents also included a wire transmitter to monitor whether the parcel was opened, a toy customs agent badge, and a sticker warning of the dangers of drug abuse.
 
 
 5
 An undercover agent delivered the package to 8607 Kearage Place. Appellant accepted the package under the name "Fred Thomas," stating that Trent Davis, the addressee, was not at home. In response to the agent's discussion of a possible refund because the parcel was delivered late, Samuel said that he had expected the parcel the previous day.
 
 
 6
 After the transmitter failed, agents executed a search warrant. Appellant barricaded himself in the bathroom, where bags of flour were later found in the toilet. The bag of cocaine was found on the bedroom floor. A plate, spoon, razor blades, and a scale were also discovered.
 
 
 7
 Appellant gave a friend, Annie Carter, over three thousand dollars in cash, requesting that she wire the money to Richard Hoheb in the U.S. Virgin Islands. Appellant explained that he was sending money back to his home. In the Virgin Islands, 180 grams of cocaine is worth approximately three thousand dollars.
 
 II
 
 8
 In a conspiracy case, the government must prove that a conspiracy existed, that the defendant had knowledge of, and that he voluntarily became part of, the conspiracy. United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.1993), citing United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991); see United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), cert. denied, 484 U.S. 969 (1987), 485 U.S. 991 (1988). Here the evidence supported the critical elements of conspiracy.
 
 
 9
 Appellant asked Carter to wire three thousand dollars to the Virgin Islands. Less than a week later, a package containing an equal value of cocaine arrived at his residence. Samuel accepted delivery of the package, denying he was the addressee but stating that he had expected the parcel. The use of fictitious names throughout the transaction suggested its illicit nature. These facts, taken together, permitted the jury to infer that Samuel had made detailed arrangements for the purchase of cocaine in St. Thomas and its delivery to him.
 
 
 10
 Similarly, the evidence is sufficient to support Samuel's conviction of possession with intent to distribute cocaine. Possession can be actual or constructive. "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over an item." United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992), quoting United States v. Zandi, 769 F.2d 229 (4th Cir.1985).
 
 
 11
 Possession may be shared by others and is susceptible of proof by direct or circumstantial evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 12
 Here the jury could have found that Samuel was the intended recipient of the cocaine, that he took delivery and possessed it knowingly. Samuel took the cocaine from a customs officer who posed as a postman. It could have been inferred that he carried the package to the kitchen and opened it. Further, it is reasonable to infer that when Appellant opened the package, he concluded that it had been intercepted by law enforcement authorities, and attempted to destroy the evidence by flushing it down the toilet. In addition, drug distribution paraphernalia, including a scale, razor blades, a plate, and a scorched metal ladle, was found in the apartment which Samuel shared with another individual. Taken together, the evidence and the inferences therefrom provided sufficient basis on which the jury could have found that Appellant possessed cocaine with the intent to distribute it.
 
 
 13
 In sum, assessing the evidence of conspiracy and possession, as we must, in the light most favorable to the government, Glasser v. United States, 315 U.S. 60 (1942), we find it sufficient to support the convictions. Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED